UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    PLAINTIFF,<br>V.<br><br>CHRISTOPHER DEKRUIF<br><br>    DEFENDANT. | CASE NO.: 0645 4:15CR20143 - 001<br><br>JUDGE: LAURIE J. MICHELSON<br><br><br>SENTENCING MEMORANDUM |

_____

| | |
|---|---|
| **ASSISTANT US ATTORNEY**<br>**BY: CHRISTOPHER RAWSTHORNE**<br>206 Federal Building<br>600 Church Street<br>Flint, MI 48502<br>Phone: (313) 226-9100<br>E-mail: Christopher.rawsthorne@usdoj.gov<br>Attorney for PLAINTIFF | **HOWARD A. SCHWARTZ**<br>Schwartz and Krysinski LLP<br>26 Court Street, Suite 314<br>Brooklyn, NY  11242<br>Phone:  (718) 643-9333<br>E-Mail:  howard@brooklynlaw.net<br>Attorney for Christopher DeKruif<br><br>**MICHAEL P. MANLEY**   **(P43726)**<br>503 S. Saginaw Street, Suite 1434<br>Flint, Michigan   48502<br>Phone:  (810) 238-0500<br>Email: manleylaw@sbcglobal.com<br>Local Counsel for Christopher DeKruif |

_____

## MOTION FOR VARIANCE

**NOW COMES** Defendant CHRISTOPHER DEKRUIF by and through his attorneys, Howard A. Schwartz and Michael P. Manley, and hereby moves this Honorable Court to allow for a variance from the sentencing guidelines and to sentence Mr. DeKruif to the time contemplation in the plea agreement. In support of his motion, defendant states as follows in the attached memorandum and brief.

Defendant's counsel sought concurrence in the relief requested from Assistant U.S. Attorney Christopher Rawsthorne in August of 2014, and said concurrence has

1

been obtained based on the sentencing recommendation contained in the Rule 11 plea agreement.

Dated: August 18, 2015					Respectfully Submitted,

						s/ Howard A. Schwartz
						HOWARD A. SCHWARTZ
						Schwartz & Krysinski LLP
						326 Court Street Suite 314
						Brooklyn, NY 11242
						Phone: (718) 643-9333
						E-mail: howard@brooklynlaw.net


Dated: August 18, 2015					s/ Michael P. Manley
						MICHAEL P. MANLEY   (P43726)
						503 S. Saginaw Street, Suite 1434
						Flint, Michigan   48502
						Phone: (810) 238-0500
						E-mail: manleylaw@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that on  8/18/2015 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Assistant U.S. Attorney Christopher Rawsthorne,  600 Church Street, Flint, Michigan 48502, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: n/a.

Dated: 8-18-15					 s/MICHAEL P. MANLEY
						Michael P. Manley    (P43726)
						Attorney for DEFENDANT
						1434 Mott Foundation Bldg.
						503 S. Saginaw Street
						Flint, Michigan  48502
						Phone: (810) 238-0500
						E-Mail: manleylaw@sbcglobal.net
						(P43726)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        PLAINTIFF,

V.

CHRISTOPHER DEKRUIF,

        DEFENDANT.

CASE NO.: 14-CR-20214

JUDGE: LAURIE J. MICHELSON

MEMORANDUM AND BRIEF IN SUPPORT OF SENTENCE

_____

**ASSISTANT US ATTORNEY**
**BY: CHRISTOPHER RAWSTHORNE**
206 Federal Building
600 Church Street
Flint, MI 48502
Phone: (313) 226-9100
E-mail: Christopher.rawsthorne@usdoj.gov
Attorney for PLAINTIFF

**HOWARD A. SCHWARTZ**
Schwartz and Krysinski LLP
26 Court Street, Suite 314
Brooklyn, NY   11242
Phone:  (718) 643-9333
E-Mail:  howard@brooklynlaw.net
Attorney for Christopher DeKruif

**MICHAEL P. MANLEY    (P43726)**
503 S. Saginaw Street, Suite 1434
Flint, Michigan   48502
Phone:  (810) 238-0500
E-mail: manleylaw@sbcglobal.com
Local Counsel for Christopher DeKruif

_____

## SENTENCING MEMORANDUM

**NOW COMES**, Defendant CHRISTOPHER DEKRUIF, by and through his attorneys, Howard A. Schwartz and Michael P. Manley, and hereby requests this Honorable Court sentence the defendant to the time contemplated in the plea agreement.

I. **CASE HISTORY**

Pursuant to a Rule 11 Plea Agreement, Christopher DeKruif has entered a guilty plea to two counts of Producing Child Pornography to 18 U.S. C. § 2251(a) and (b). This conviction arises from Mr. DeKruif requesting and receiving certain images from a minor he had communicated with on-line. The statutory minimum for both counts is 15 years and the maximum is 30 years. The government has agreed to the rule 11 plea of 420 months, or 35 years.

The reasons that the sentence of 35 years should be acceptable in Mr. DeKruif's case are outlined below. The personal history of Mr. DeKruif, or any defendant, should be the starting point of any analysis by the court.

Mr. DeKruif's family moved from Amsterdam, the Netherlands to New Jersey when he was four years old. His parents were supportive as he was growing up, and they continue to enjoy a warm and positive relationship. Both his mother and father are standing by him at this difficult period in his life. They have always tried to support all of their children and feel guilty that Christopher was never able to get the psychological or psychiatric help he clearly needed.

Mr. Dekruif was, however, bullied and emotionally abused both within and outside the household at many points during his childhood. When he was young, Christopher's grandmother lived with the family. The defendant has stated his grandmother verbally and emotionally abused him on numerous occasions, but that he kept these issues to himself. Mr. DeKruif was also physically abused at school where bullies regularly chased him home.

Mr. DeKruif graduated from Bergen County Technical High School in 2005. In 2008, he entered the United States Coast Guard. Christopher was stationed in Marquette, Michigan. In 2010, he received an Honorable Medical Discharge with an E-4 ranking. Upon reflection of his time in service, Mr. DeKruif stated that he started to exhibit symptoms relating to severe anxiety and depression that made his time in service extremely difficult. The experiences that he had during his time in the military had a significant negative effect on Mr. DeKruif and continued his downward spiral into the abyss of mental illness.

When arrested, Christopher was employed at Imtech/Radio Holland. The company, where his father has worked for many years, specializes in radar repair and marine electronics. Mr. DeKruif's future employment goal is to work as an electrical or marine technician and his work at Imtech/Radio Holland was a positive step toward achieving his goal. Even while grappling with serious psychological issues, Mr. KeKruif has always attempted to move forward regarding employment and learning.

Christopher's state of mind and psychological impairments at the time the crimes were committed were clearly an underlying factor. Mr. DeKruif served in the United States Coast Guard from 2008-2010. After being discharged, he sought out mental health treatment on numerous occasions at the Veterans Hospital in Hackensack, New Jersey. Mr. DeKruif has stated that he was never assigned a mental health counsellor and instead was only treated with various medications. Christopher attempted suicide on more than one occasion and says that he has been suffering from depression and anxiety for many years. The undersigned fully believe that things might have turned out differently if Christopher had been able to get counseling at an earlier age. Instead of

providing Mr. DeKruif a doctor or licensed therapist, the veteran administration prescribed him both Wellbutrin and Effexor. Clearly, he needed more intensive and individualized treatment. While these facts do not minimize the seriousness of his crimes, they do speak to the damaged psychological state that the defendant was acting under.

## II.  SENTENCING RECOMMENDATION

Defendant, Christopher DeKruif, respectfully requests that this Court consider all the applicable factors regarding the life and circumstances and sentence him to 35 years as agreed to by the government and defense council.
In sentencing a defendant, "The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing and punishment. 18 U.S.C. 3553(a). The District Court must "consult the guidelines, and take them into account when sentencing," however, the Supreme Court has declared the Federal Sentencing Guidelines to be advisory. _U.S. v. Booker_, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed 2nd 621 (1995).

After examining the guidelines range, and the mitigating circumstances in Part H and K of chapter five, the Court then shall consider the factors in 18 U.S.C. 3553(a) as a whole. These factors are:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –

    a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    b. to afford adequate deterrence to criminal conduct;

    c. to protect the public from further crimes of the defendant; and,

    d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. the kind of sentences available;

4. the kinds of sentence and the sentencing range established for the applicable category of the offense.

Mr. DeKruif's actions were disturbing. It is also disturbing that he was unable to get the help that was clearly needed after his discharge from the Coast Guard. Everyone involved in the case, including the defendant, understand that a sentence of incarceration is not an illogical consequence. Mr. DeKruif has agreed to a Rule 11 Plea Agreement that calls for 35 years in prison. The undersigned contends that this is an extraordinary amount of time for a first time defendant. In agreeing to this plea, Mr. DeKruif demonstrates the understanding that his actions merit punishment and has accepted responsibility.

Date:  August 18,  2015                                Respectfully Submitted,

                                                              s/Howard A. Schwartz
                                                            HOWARD A. SCHWARTZ
                                                            Schwartz & Krysinski LLP
                                                            26 Court Street Suite 314
                                                            Brooklyn, NY 11242
                                                            Phone: (718) 643-9333
                                                            E-mail: howard@brooklynlaw.net

Dated: August 18, 2015                                    s/ Michael P. Manley
                                                          MICHAEL P. MANLEY   (P43726)
                                                          503 S. Saginaw Street, Suite 1434
                                                          Flint, Michigan   48502
                                                          Phone: (810) 238-0500
                                                          E-mail: manleylaw@sbcglobal.net\

## CERTIFICATE OF SERVICE

I hereby certify that on  8/18/2015 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Assistant U.S. Attorney Christopher Rawsthorne,  600 Church Street, Flint, Michigan 48502, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: n/a.

Dated: 8-18-15                                             s/MICHAEL P. MANLEY
                                                           Michael P. Manley    (P43726)
                                                           Attorney for DEFENDANT
                                                           1434 Mott Foundation Bldg.
                                                           503 S. Saginaw Street
                                                           Flint, Michigan  48502
                                                           Phone: (810) 238-0500
                                                           E-Mail: manleylaw@sbcglobal.net
                                                           (P43726)