UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff/Respondent, | Case No. 15-20143 |
| v. | Honorable Laurie J. Michelson |
| CHRISTOPHER G.N. DEKRUIF, | |
| Defendant/Petitioner. | |

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [37]**

Defendant Christopher DeKruif was facing multiple charges of sexual exploitation of underage girls in numerous jurisdictions. His sentencing guidelines range was life. As a global resolution for all charges, DeKruif entered into a Rule 11 Plea Agreement that mandated a prison sentence of 35 years. The Court accepted the plea agreement, granted DeKruif's request for a downward variance, and imposed the agreed upon 35-year sentence.

DeKruif now moves to vacate, set aside, or correct that sentence pursuant to 28 U.S.C. § 2255. He claims his counsel was ineffective in several ways during the plea proceedings and that the Court erred in its sentencing decision. A hearing on the motion is not necessary. The petition, Rule 11 plea agreement, and transcripts of the change in plea and sentencing hearings "conclusively show that [DeKruif] is entitled to no relief." 28 U.S.C. § 2255(b). Thus, the motion will be DENIED.

**I.**

On April 8, 2014, DeKruif was charged in a criminal complaint with sexual exploitation of children and other related offenses. (R. 1.) Following a court-ordered examination by a

licensed clinical psychologist and a hearing to address his report, DeKruif was found competent to stand trial. (R. 18.) He was subsequently charged in a two-count Information with Production of Child Pornography in violation of 18 U.S.C. § 2251(a). (R. 22.) Count one charged that DeKruif coerced a 17-year-old minor in the Eastern District of Michigan, A.L., "into allowing A.L.'s grandfather to perform oral sex on her and instructed A.L. to send a photograph" of the event to DeKruif in New Jersey. (*Id*. at PID 78.) Count two charged that DeKruif "coerced A.L. into having sexual intercourse with her grandfather in the Eastern District of Michigan and further coerced A.L. to transmit a live, visual depiction of this event to him over the internet using a webcam or her computer." (*Id*. at PID 79.)

On April 16, 2015, this Court arraigned DeKruif on the charges in the Information. DeKruif signed an Acknowledgement indicating that he received the Information, read it, and understood the contents. (R. 26.) In response to the Court's questions, DeKruif further verified that he reviewed the Information, discussed the charges with his counsel, and that he understood the charges. (R. 45, PID 219.) He also advised that he understood the penalties he faced if he was convicted or pled guilty—imprisonment for a minimum of 15 years and a maximum of 30 years on each count. (*Id*. at 220; R. 26.) For purposes of the arraignment, a plea of not guilty was entered on DeKruif's behalf. (R. 45, PID 220.)

Immediately after the arraignment, DeKruif requested a change of plea hearing. (*Id*. at PID 220–21.) That same day, DeKruif had signed a Rule 11 Plea Agreement with the Government. (R. 28.) The Plea Agreement provided that DeKruif would plead guilty to the two counts in the Information. He also agreed to stipulate to relevant conduct in eight other counts that would be included in calculating his sentencing guidelines. (R. 28, PID 94–98.) This relevant conduct involved minor victims in the Western District of Michigan, New Jersey, and

Colorado. (*Id.*) It included additional charges of sexual exploitation of children, extortion, and receipt/possession of child pornography. (*Id.*) For example, several of the charges involved minors that had online relationships with DeKruif and were coerced by him to provide sexually exploitive images. (*Id.*) The worksheets attached to the Rule 11 plea agreement explained how this conduct would factor into the guidelines calculation. (*Id.* at PID 109-124).[1]

The parties agreed that DeKruif's guidelines range was life (but the statutory maximums resulted in a range of 720 months or 60 years). (*Id.* at PID 92, 130). They further agreed that, "[p]ursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case must be 35 years." (*Id.* at PID 98.) If the Court accepted the plea agreement, the Government agreed not to bring any additional charges based on the conduct reflected in the attached worksheets and the other districts involved in the relevant conduct agreed not to prosecute DeKruif for that conduct. (*Id.* at PID 101.) DeKruif agreed to waive his right to appeal the sentence if it did not exceed 35 years. (*Id.* at PID 102.)

During the change of plea hearing, the Court questioned DeKruif pursuant to Federal Rule of Criminal Procedure 11. DeKruif was advised of the charges against him and the essential elements of the offense, the consequences of pleading guilty, and the terms of the plea agreement. (R. 45.) The Court also determined that DeKruif was mentally competent to enter into a guilty plea, that his plea was knowing and voluntary, and that it was supported by an adequate factual basis. (*Id.*) The Court thus accepted DeKruif's plea of guilty. (*Id.*) The Court took the Rule 11 plea agreement under advisement and referred the matter to the Probation

---

[1] In sum, counts 1 and 2 of the Information charged production of child pornography, counts 3 through 7 of the stipulated conduct charged sexual exploitation of children, counts 8 and 9 of the stipulated conduct charged extortion, and count 10 of the stipulated conduct charged receiving/possessing child pornography. (R. 28.)

3

Department for the preparation of a Presentence Investigation Report. (*Id.*) No objections were lodged.

The parties submitted sentencing memoranda and DeKruif also moved for a downward variance. He asked the Court to accept the 35 year prison term provided in the plea agreement. (R. 30, 31.) The Court heard from counsel and DeKruif at the sentencing. After going through the factors in 18 U.S.C. § 3553(a), the Court accepted the Rule 11 plea agreement and sentenced DeKruif to 35 years. (R. 33, 46.)

Under the terms of the plea agreement, DeKruif waived his right to directly appeal this sentence. (R. 28, PID 102.) But he did not waive his right to bring a claim for ineffective assistance of counsel pursuant to § 2255. (*Id.*) He now claims his counsel was ineffective in several ways. (R. 37.) But his claims at the change of plea hearing and the sentencing belie his current representations. So Dekruif's motion does not warrant any change in his sentence.

**II.**

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

In making these inquiries, an evidentiary hearing is not required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quotation omitted). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

**III.**

DeKruif contends that he received ineffective assistance of counsel during both the plea proceeding and sentencing.

Ineffective assistance of counsel claims are an appropriate basis for relief under § 2255. *See United States v. Caver*, 470 F.3d 220, 250 (6th Cir. 2006). To establish ineffective assistance of counsel, DeKruif must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In this case, prejudice means "that there is a reasonable probability that, but for counsel's errors, [DeKruif] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59, (1985).

**A.**

DeKruif argues that, prior to sentencing, his counsel was ineffective by (1) failing to properly explain charges and defense options; (2) failing to provide sufficient information during plea negotiations; (3) giving misinformation regarding contents of the plea agreement; and (4) pressuring him to accept the plea agreement. (R. 37, PID 184.) The Court disagrees.

**1.**

With respect to the information issues, DeKruif claims that because of his dyslexia and learning disabilities, he relied on his counsel's explanations of all written material and that he had misconceptions regarding the charges he was facing and the possible defense options. (R. 37, PID 195.) He also claims that he "was informed by his counsel that there was a cap on the plea of 35 years and that a much lesser sentence was expected." (R. 37, PID 196.)

At the outset of the plea colloquy, in establishing DeKruif's competence, his counsel advised that they had "extensive conversations" with DeKruif. (R. 45, PID 226.) DeKruif

likewise advised that he had the opportunity to discuss the case and the issue of pleading guilty with counsel; he was able to ask them any questions he had about pleading guilty and they were able to answer those questions to his satisfaction; they discussed the evidence and defenses to that evidence as well as the advantages and disadvantages of pleading guilty versus going to trial; and he did not need any additional time to consult with his counsel before making his decision about the guilty plea. (R. 45.) The Court asked DeKruif if he was satisfied with counsel's advice and services and he said he was. (*Id.* at PID 228.) He also advised that he discussed the charges with counsel and they explained the nature of the charges to his satisfaction. (*Id.* at 234.) And after the Government explained the essential elements of production of child pornography, DeKruif again indicated that he understood the charges. (*Id.* at PID 236.) There is no basis to find that defense counsel misinformed or misadvised Dekruif regarding the charges.

Nor is there any basis to find that DeKruif's counsel told him to expect a sentence less than 35 years. And any reliance on such advice would have been plainly unreasonable. DeKruif indicated that he reviewed the plea agreement before signing it and adequately discussed the contents with his counsel. (R. 45, PID 222, 236.) At the change of plea hearing, counsel for the Government also explained the key terms of the plea agreement to DeKruif and the Court discussed several terms as well. (*Id.* at PID 237-242.) DeKruif expressed several times that he understood the terms of the plea agreement. (*Id.* at 222, 240, 242.) The agreement expressly stated that "there are no sentencing guideline disputes"—the "guideline range is life." (R. 28 at PID 92.) And the parties agreed that "[p]ursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case *must be 35 years* imprisonment." (*Id.* at 98 (emphasis added).)

And if the plain language of the plea agreement and the Government's explanation were not enough to make clear to DeKruif that he was facing a 35-year sentence, this Court made the point clear. In particular, the Court engaged in the following colloquy with DeKruif:

> Q. In this Rule 11 plea agreement, you and the government have agreed that the sentence of imprisonment in this case must be 35 years. I will be bound by the terms of this agreement only if I think it's proper. Do you understand that?
>
> A. Yes, your Honor.
>
> Q. And I will consider the final guideline range along with the other factors that I mentioned earlier. Do you understand that?
>
> A. Yes, your Honor.
>
> Q. And if I cannot accept the terms of the plea agreement, if for some reason I find that the sentence should be more than 35 years, I will tell you that I'm rejecting the plea agreement and I will give you a chance to either withdraw your plea, back out of the plea, or maintain the plea but without the 35-year cap. Do you understand?
>
> A. Yes, your Honor.
>
> Q. And do you also understand that my rejection of the 35-year sentence agreement would be the only way that you would be able to back out of your guilty plea once I accept it?
>
> A. Yes, your Honor.
>
> Q. And you understand that if I reject the 35-year agreement and you decide not to back out, not to withdraw, that I could sentence you to something more than 35 years?
>
> A. Yes, your Honor.

(R. 45, PID 28–29.)

Thus, this Court's explanation stressed that the sentence would be 35 years if the Court accepted the agreement. And it was also stressed that the time would be longer—not shorter—if the Court did not accept the agreement. There is simply nothing to support DeKruif's claim that he expected a sentence below 35 years. *See United States v. McKnight*, 12- cr-20101, 2016 U.S.

7

Dist. LEXIS 71679, at *7-–8 (E.D. Mich. June 2, 2016) ("A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea." (*citing Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999))).

In sum, as the Sixth Circuit ruled in another case rejecting a petitioner's claim of ineffective assistance of counsel in connection with his having entered into a Rule 11 plea agreement, "[P]etitioner's claim fails to meet even the first prong of *Strickland*. There has been no showing that counsel's performance was not competent. The record reveals that the district court discussed the terms of the plea agreement with petitioner and that he was informed of the possible sentence which he faced. These terms were discussed, in petitioner's presence, in open court and on the record. There is no showing that petitioner was lied to or misled." *Sullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993). And the adequacy of the plea colloquy means DeKruif cannot establish the requisite prejudice.

**2.**

DeKruif also contends that "counsel pressured [him] to accept a plea agreement even though [he] wanted to go to trial and informed [him] that he was guaranteed a life sentence if he did not sign the plea agreement." (R. 37, PID 197.) This claim is not supported by the record.

In direct response to the Court's questioning, DeKruif advised that he had decided it was in his own best interest to plead guilty to the counts in the Information. (R. 45, PID 228.) He told the Court that no one tried to force him to plead guilty by any mistreatment, pressure, or duress. (R. 45, PID 243.) He also said he was pleading guilty "freely and voluntarily" because he was guilty and it was his "choice to plead guilty." (*Id*.) And he was given another chance at the end of the proceeding to express any involuntariness:

> THE COURT: Mr. DeKruif, having heard a recitation of your rights, the consequences of pleading guilty and being advised about the penalties that can be imposed, including imprisonment, is it still your intention to plead guilty?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Do you still want me to accept your guilty plea?
>
> THE DEFENDANT: Yes, your Honor.

(R. 45, PID 248.)

There is, again, no basis for the Court to find deficient performance or prejudice. The two charges in the Information alone subjected DeKruif to at least 15 years in prison on each count and up to 30 years per count. There were at least eight other incidents that he could have been prosecuted for in other jurisdictions. If DeKruif was convicted on all of these counts, he was facing significantly more prison time than just 35 years (i.e., life). He has failed to offer a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

### B.

DeKruif also says his counsel were constitutionally ineffective at sentencing. He first asserts that counsel did not fully investigate or present mitigating sentencing factors. (R. 37, PID 197–98.) He claims that numerous aspects of his background were not explained to the Court and that counsel failed to move for a downward variance. (*Id.*)

But counsel did file a motion for downward variance. (R. 30, 31.) That motion was combined with a sentencing memorandum where counsel explained DeKruif's mental health issues and likely causes. (*Id.*) DeKruif also provided his own letter to the Court explaining his life's history. Again, DeKruif cannot show any deficient performance or prejudice.

The same is true for DeKruif's claim that counsel told him that "he would face an unlikely maximum of 35 years" and that "his sentences for multiple counts would be run concurrently." (R. 37, PID 198). As already addressed, DeKruif acknowledged that he went through the plea agreement with counsel, they explained it to his satisfaction, and he understood it. The terms of the plea deal were also explained at the change of plea hearing. These terms were that the sentence "must be 35 years imprisonment" if the Court accepted the plea deal. DeKruif's lawyers filed a motion for downward variance asking the Court to accept the deal and impose the 35-year sentence. In his sentencing memorandum, DeKruif requested "that this Court consider all the applicable factors regarding [his] life and circumstances and sentence him to 35 years as agreed to by the government and defense council [sic]." (R. 31, PID 153.) Counsel reiterated at the end of the sentencing memorandum that "Mr. DeKruif has agreed to a Rule 11 Plea Agreement that calls for 35 years in prison." (*Id.* at PID 154.) And at the sentencing, DeKruif "apologize[d] for what happened and what transpired." (R. 46, PID 261.) He said, "I know it's unforgivable and just horrible. And I understand the consequences and I accept them as they are." (*Id.*)

DeKruif was properly advised about his sentence. There was no incompetence by counsel. And once the Court accepted the parties' plea agreement, the sentence had to be 35 years—no matter what counsel may have told DeKruif. So there is no prejudice either.

**IV.**

DeKruif's § 2255 petition also challenges the sentence. He believes the Court erred in calculating the guidelines range and in the application of the § 3553(a) factors. (R. 37, PID 198–99.)

10

"An application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998); *see also Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) ("Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process."). Where, as here, a defendant "has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado*, 334 F.3d at 528. This "cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding." *Id.*

DeKruif cannot meet this standard. Under the terms of the plea agreement, DeKruif waived his right to appeal the sentence if the Court imposed the agreed upon 35-year term. (R. 28, PID 102.) This was explained to DeKruif at the change of plea hearing and he advised that he understood the waiver. (R. 45, PID 239, 240.) The Court (after properly calculating the guidelines range and considering the § 3553(a) factors) accepted the plea agreement and gave DeKruif the benefit of his bargain. Finally, DeKruif makes no attempt to establish actual innocence. He may not directly challenge the sentence under § 2255.

## V.

For all of the reasons discussed, DeKruif's motion to vacate, set aside, or correct his sentence (R. 37) is DENIED.

The Court further finds that reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." *Miller—El v. Cockrell*, 537 U.S. 322, 336 (2003).

Thus, a certificate of appealability is DENIED.

Dated: January 22, 2018

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2018.

s/Keisha Jackson  
Case Manager